NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DYLAN J. WHITEHEAD,

　　　　　Plaintiff-Appellant,

　v.

ANDREW M. SAUL, Commissioner of
Social Security,

　　　　　Defendant-Appellee.

No.　19-35586

D.C. No. 3:18-cv-05542-BAT

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted October 5, 2020[**]
Seattle, Washington

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Before: GRABER and W. FLETCHER, Circuit Judges, and FREUDENTHAL,*** District Judge

Dylan J. Whitehead appeals the district court's decision affirming the Commissioner of Social Security's denial of Whitehead's applications for disability insurance benefits and supplemental security income. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Whitehead contends that the ALJ afforded very little weight to medical-psychological assessments prior to the alleged disability onset date. The bare assertion that the evidence "provides a longitudinal perspective on Whitehead's mental impairments," does not satisfy the burden to show error, particularly considering this evidence's limited relevance. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance.").

2.      Whitehead complains that the ALJ discounted certain opinions from five examining psychologists that were contradicted by other medical evidence and evaluator assessments. In this situation, the ALJ must offer "specific and legitimate reasons that are supported by substantial evidence in the record" for rejecting a contradicted opinion. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir.

**        The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

1995); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (stating the substantial evidence standard).[1] For the reasons that follow, the ALJ has satisfied this standard.

In discounting Dr. Thompson's opinion of marked limitation in Whitehead's ability to respond appropriately to usual work situations, the ALJ noted the lack of any opinion that this or other limitations would preclude all work activities. The remaining four contradicted opinions from Drs. Wingate, Truschel, Meagher, and Kenderdine were discounted in part because the severity of symptoms reported by those examiners was inconsistent with Whitehead's lack of effort to seek and continue prescribed therapy.

Whitehead argues that this reason is not legitimate because his lack of treatment is explained by poor judgment caused by mental illness. *See Garrison v. Colvin*, 759 F.3d 995, 1018 n.24 (9th Cir. 2014) ("[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking

---

[1] The government's repeated citation to *INS v. Elias-Zacarias*, 502 U.S. 478 (1992), is inapposite. The "substantial evidence" standard employed in *Elias-Zacarias* is specific to this court's review of final orders of removal. See 8 U.S.C. §1252(b)(4)(B) (providing that, when reviewing a petition for review of a decision of the Board of Immigration Appeals, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). For non-removal cases, "substantial evidence . . . means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154 (internal quotation marks omitted).

rehabilitation." (internal quotation marks omitted)). However, the record shows that Plaintiff liked therapy, found therapy useful, and was open to more therapy. Plaintiff's explanations for why he nonetheless did not undergo therapy on a consistent basis were unpersuasive. Because Plaintiff's failure to undergo prescribed therapy is not caused by his mental impairment, the ALJ's reason was legitimate.

Further, the ALJ found that Whitehead's alleged debilitating anxiety and other mental symptoms were inconsistent with his performance on mental status screenings, his ability to complete a range of tasks and activities independently, his pursuit of job opportunities, and the months spent at an out-of-state spiritual retreat center. Additionally, in rejecting Dr. Truschel's Global Assessment of Functioning (GAF) rating of 40, the ALJ explained that Truschel did not provide any specific, function-by-function vocational limitations. In rejecting Dr. Meagher's opinion that Whitehead probably would not be capable of full-time work, the ALJ also found the opinion was vague and inconsistent with Meagher's own assessment of mild to moderate limits in most functional realms, except for interaction with the public. In rejecting Dr. Kenderdine's opinion that Whitehead had marked limitations in his ability to maintain attendance and appropriate behavior, the ALJ further found that this was inconsistent with Kenderdine's own notes that Whitehead was capable of managing his activities of daily living. Because the

4

ALJ provided specific, legitimate reasons supported by substantial evidence from the record for discounting or rejecting the opinions at issue, the ALJ did not err in his assessment of the contradicted medical opinions.

Whitehead also contends that the ALJ did not properly evaluate the testimony from Drs. Asher and Layton. Other than this general challenge, Whitehead fails to identify error in the ALJ's evaluation of the testimony or any limitations not captured by the Residual Functional Capacity (RFC) assessment.

3. Whitehead argues the ALJ's failure to properly evaluate the medical evidence tainted the evaluation of Whitehead's testimony about disabling symptoms and limitations. This argument is rejected because there is no error in the ALJ's assessment of the medical evidence.

4. The ALJ gave partial weight to the severity of the symptoms alleged by two family members, finding that their statements were not entirely supported by the medical record as a whole. Whitehead argues that this reason is not germane to each witness. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) (holding that, for an ALJ to "discount the testimony of the lay witnesses, he must give reasons that are germane to each witness"). However, any error on this point is harmless given that the lay statements about Whitehead's disabling symptoms were similar to Whitehead's own testimony, and there was no error in discounting that testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th

Cir. 2009) (holding that, because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony").

5.      Whitehead challenges the RFC assessment and the finding of "not disabled," contending that the ALJ failed to properly evaluate the medical evidence and credit Whitehead's testimony and lay statements.  This argument is rejected because the RFC assessment accounts for all credible impairments and limitations which were supported by substantial evidence in the record.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("We will affirm the ALJ's determination of [a claimant's] RFC if the ALJ applied the proper legal standard and his decision is supported by substantial evidence.").

**AFFIRMED.**